**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Valtrus Innovations Ltd. and Key Patent Innovations Ltd., <br><br>       Plaintiffs, <br><br>     v. <br><br> CoreSite, LLC, <br><br>       Defendant. | Civil Action No. <br><br> Hon. <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiffs Valtrus Innovations Limited ("Valtrus") and Key Patent Innovations Limited ("KPI") (collectively, "Plaintiffs"), by and through undersigned counsel, bring this complaint for patent infringement and damages against Defendant CoreSite, LLC ("CoreSite") and, in support, allege the following:

**PARTIES**

1. Valtrus is the successor-in-interest to a substantial patent portfolio created by Hewlett Packard Enterprise and its predecessor, subsidiary, and affiliate companies, including Hewlett-Packard Development Company, L.P. (collectively, "HPE"). Valtrus is an Irish entity duly organized and existing under the laws of Ireland. The address of the registered office of Valtrus is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

2. KPI is the beneficiary of a trust pursuant to which Valtrus owns, holds, and asserts the Asserted Patents. KPI is an Irish entity duly organized and existing under the laws of Ireland. The address of the registered office of KPI is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

3. On information and belief, CoreSite is a limited liability company organized and existing under the laws of the State of Delaware. On information and belief, CoreSite can be served with process at Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

**ASSERTED PATENTS**

4. Valtrus is the assignee of and owns all right and title to each of the Asserted Patents, which are U.S. Patent Nos. 6,854,287 (the '287 Patent); 6,868,682 (the '682 Patent); and 6,718,277 (the '277 Patent).

5. The Asserted Patents were developed by inventors working for HPE. HPE developed numerous innovative and diverse technologies, including groundbreaking inventions pertaining to data center cooling and analytics for monitoring conditions in data centers.

6. The '287 Patent, entitled "Cooling System," was duly and lawfully issued on February 15, 2005. A true and correct copy of the '287 Patent is attached hereto as Exhibit 1.

7. The '287 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the '287 Patent, including the right to seek damages, including past damages, for any infringement thereof.

8. The '682 Patent, entitled "Agent Based Control Method and System for Energy Management," was duly and lawfully issued on March 22, 2005. A true and correct copy of the '682 Patent is attached hereto as Exhibit 2.

9. The '682 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the '682 Patent, including the right to seek damages, including past damages, for any infringement thereof.

2

10. The '277 Patent, entitled "Atmospheric Control Within a Building," was duly and lawfully issued on April 6, 2004. A true and correct copy of the '277 Patent is attached as Exhibit 3.

11. The '277 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the '277 Patent, including the right to seek damages, including past damages, for any infringement thereof.

## JURISDICTION AND VENUE

12. This is an action for patent infringement arising under the United States Patent Laws, 35 U.S.C. § 100 et seq.

13. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

14. CoreSite has a regular and established place of business in this District. CoreSite operates two data centers at CHI1, 427 LaSalle St., Chicago, IL 60605 and CHI2, 1432 Clinton St., Chicago, IL 60607.[1]

15. This Court has general and specific personal jurisdiction over CoreSite. CoreSite operates two data centers in this District at its CHI1 and CHI2 facilities. CoreSite has maintained offices, employees, and business operations in Illinois, and has therefore purposefully availed itself of the privileges of conducting business in Illinois and has minimum contacts with the State of Illinois. The exercise of personal jurisdiction is proper under the Illinois Long Arm Statute and consistent with the Due Process Clause. The Court also has specific personal jurisdiction over CoreSite because, on information and belief, it has performed methods in its Illinois data center facilities that infringed the Asserted Patents, such that Plaintiffs' causes of action arise directly out of its contacts with Illinois.

---

[1] https://www.coresite.com/data-center/ch1-chicago-il; https://www.coresite.com/data-center/ch2-chicago-il.

3

16.     Venue is proper in this District under 28 U.S.C. § 1400(b). CoreSite has a regular and established place of business in this District at its CHI1 and CHI2 facilities. On information and belief, CoreSite has committed acts of infringement in this District at these facilities.

### DEFENDANT'S DATA CENTERS AND INFRINGING CONDUCT

17.     CoreSite owns and operates a number of data centers across the United States. For example, CoreSite advertises operating 30 data centers totaling 5+ million square feet of space in 11 strategic U.S. markets.[2] CoreSite's data centers implement cooling equipment from various suppliers, and CoreSite uses that equipment to perform methods of cooling that, on information and belief, infringe the Asserted Patents.

18.     In particular, CoreSite has used cooling equipment from Vertiv Corporation in its data centers. For example, in a related declaratory judgment action filed by Vertiv relating to the '287 Patent, Vertiv has admitted that CoreSite used Vertiv's products for which Vertiv seeks a declaratory judgment of noninfringement. *See Vertiv Corporation v. Valtrus Innovations Ltd.*, No. 2:24-cv-00907, Dkt. 227 at 3 (E.D. Tex.). CoreSite's public websites and video tours also show Vertiv and Liebert cooling equipment located in its data centers.

19.     CoreSite has also used cooling equipment from Stulz in its data centers. For example, CoreSite's YouTube videos show Stulz cooling units operating in its data centers:

---

[2] https://www.coresite.com/data-centers/locations



CoreSite New York Data Center NY2 - Video Tour

https://www.youtube.com/watch?v=bm456UOo2-s

20.     CoreSite has also used cooling equipment from Trane in its data centers. For example, Trane advertises CoreSite's use of Trane's cooling equipment on its public website:

CoreSite selected Trane with the goal of leveraging the latest in cooling infrastructure and design expertise to deliver a custom cooling process unique to the industry. With a clear understanding of data centers and how to most efficiently control their environment, Trane worked closely with the CoreSite data center personnel to develop a solution that combined equipment, controls and control sequences to accomplish this objective.

https://www.trane.com/commercial/north-america/us/en/about-us/newsroom/case-studies/data-centers/coresite-realty-corporation.html

21.     On information and belief, CoreSite may have used cooling equipment or software from other suppliers in its data centers to perform methods that infringe the Asserted Patents. For example, CoreSite may have used cooling equipment or software from companies including DataAire, Schneider Electric, Automated Logic, and Nlyte to infringe the Asserted Patents. On information and belief, CoreSite may also use equipment from additional suppliers that Valtrus is not aware of from public information but that can be identified through discovery.

22.     Valtrus notified CoreSite of its infringement of its patent portfolio relating to data center technologies and has repeatedly sought to resolve this dispute outside litigation prior to bringing this case.

23.     On April 8, 2024, Valtrus's counsel sent a letter to CoreSite's Vice President of Legal, Janae Walker, informing CoreSite about its patent portfolio and offering an opportunity to license Valtrus's patents. The letter attached a representative list of data center-related patents and included claim charts demonstrating infringement of seven patents, including the '287 Patent and '277 Patent. The letter also noted that Valtrus had incomplete information regarding the products and methods used by CoreSite in its data centers because those data centers are secure facilities that are not open to the public, and offered to enter into a non-disclosure agreement with CoreSite to confirm the scope and extent of CoreSite's infringement.

24.     On May 21, 2024, after receiving no response from CoreSite, Valtrus's counsel sent another letter to Ms. Walker and to Juan Front, CoreSite's President and CEO. This letter again requested a meeting to discuss licensing opportunities and attached an additional infringement claim chart.

25.     On November 20, 2024, after still receiving no response from CoreSite, Valtrus's counsel sent another letter to Ms. Walker and Mr. Front requesting a meeting to discuss licensing opportunities. This letter attached four additional infringement claim charts, including a claim chart showing infringement of the '682 Patent. CoreSite never responded.

26.     In the declaratory judgment litigation pending between Valtrus and Vertiv, *see Vertiv Corporation v. Valtrus Innovations Ltd.*, No. 2:24-cv-00907 (E.D. Tex.), where Vertiv has stated repeatedly that it will be liable for any judgment against its customers for infringing Valtrus's patents using its equipment, Valtrus sought to resolve its customer allegations directly with Vertiv. Valtrus made multiple attempts to resolve its disputes with Vertiv's customers throughout 2024 and 2025, and Vertiv consistently refused to engage. On February 5, 2026, Valtrus sent a final

6

request to Vertiv to resolve its customers' infringement without litigation. Exhibit 4. Vertiv never responded.

27. Because CoreSite and Vertiv have refused to engage with Valtrus's requests to resolve this dispute without litigation, and CoreSite has not provided any additional information about its cooling equipment used in its data centers, Plaintiffs have been forced to file this case to protect their valuable patent rights.

## FIRST CLAIM

### (Infringement of the '287 Patent)

28. Valtrus re-alleges and incorporates herein by reference paragraphs 1-27 of the Complaint.

29. The '287 Patent is generally directed to a system and method for cooling a room configured to house a plurality of computer systems.

30. CoreSite infringed the '287 Patent by performing methods of cooling its data centers prior to the expiration of the '287 Patent. As described above, CoreSite has used cooling equipment and control software from at least Vertiv, Stulz, and Trane to cool its data centers, and may have also used other cooling equipment from DataAire, Schneider Electric, or other suppliers in a similar manner to perform the claimed methods. Exemplary claim charts reflecting how CoreSite used or may have used these products to infringe claim 1 of the '287 Patent are attached as Exhibits 5-8.

## SECOND CLAIM

### (Infringement of the '682 Patent)

31. Valtrus re-alleges and incorporates herein by reference paragraphs 1-27 of the Complaint.

32.     The '682 Patent is generally directed to a system and method for controlling temperature in a data center based on sensory data.

33.     CoreSite infringed the '682 Patent by performing methods of cooling its data centers prior to the expiration of the '682 Patent. As described above, CoreSite has used cooling equipment and control software from at least Vertiv, Stulz, and Trane to cool its data centers, and may have also used other cooling equipment from DataAire, Schneider Electric, or other suppliers in a similar manner to perform the claimed methods. Exemplary claim charts reflecting how CoreSite used or may have used these products to infringe claim 1 of the '682 Patent are attached as Exhibits 9-12.

## THIRD CLAIM

### (Infringement of the '277 Patent)

34.     Valtrus re-alleges and incorporates herein by reference paragraphs 1-27 of the Complaint.

35.     The '277 Patent is generally directed to a system and method for controlling atmospheric conditions within a data center building.

36.     CoreSite infringed the '277 Patent by performing methods of cooling its data centers prior to the expiration of the '277 Patent. As described above, CoreSite has used cooling equipment from at least Stulz to cool its data centers, and may have also used other cooling equipment and software from Schneider Electric, Nlyte, Automated Logic, or other suppliers in a similar manner to perform the claimed methods. An exemplary claim chart reflecting how CoreSite used or may have used these products to infringe claim 1 of the '277 Patent is attached as Exhibit 13.

## PRAYER FOR RELIEF

WHEREFORE, Valtrus prays for judgment against CoreSite, as follows:

8

A.  That CoreSite has infringed each of the Asserted Patents;

B.  That CoreSite pay Plaintiffs damages adequate to compensate Plaintiffs for its past infringement of each of the Asserted Patents, together with interest and costs under 35 U.S.C. § 284;

C.  That CoreSite pay prejudgment and post-judgment interest on the damages assessed;

D.  That this is an exceptional case under 35 U.S.C. § 285; and that CoreSite pay Plaintiffs' attorneys' fees and costs in this action; and

E.  That Plaintiffs be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury on all issues triable to a jury.

Date: April 8, 2026

Connor S. Houghton
Reichman Jorgensen Lehman & Feldberg LLP
1909 K Street NW, Suite 800
Washington DC, 20006
Tel: (202) 894-7310
choughton@reichmanjorgensen.com

Patrick Colsher
Sean M. McCarthy
Reichman Jorgensen Lehman & Feldberg LLP
650 Fifth Avenue, Suite 2320
New York, NY 10019
Tel: (212) 381-1965
pcolsher@reichmanjorgensen.com
smccarthy@reichmanjorgensen.com

Respectfully submitted,

*/s/ Matthew Berkowitz*
Matthew G. Berkowitz
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com

*Attorneys for Plaintiffs*

9